**BEAL et v STATE HIGHWAY DEPT**

Ohio Appeals, 9th Dist, Lorain Co

No 591. Decided March 30, 1932

Stetson & Butler and H. W. Ingersoll, Elyria, for plaintiffs in error.

Gilbert Bettman, Attorney General, and Chas. G. Williams, Assistant Attorney General, Columbus, and Don W. Myers, Prosecuting Attorney Elyria, for defendant in error.

FUNK, J.

Five principal errors are complained of, which we will take up in the order set out in the brief of plaintiffs in error.

First, it is claimed that the court erred in overruling the motion of the defendants to discharge the jury for misconduct in viewing the premises, because, after viewing the 1.29 acres to be appropriated, as described in the finding of the director of highways, the jury were taken over the whole farm, consisting of about 100 acres.

Sec 1201-1 GC specifies the manner of procedure when the owner is not satisfied with the finding of the director of highways. Paragraph 8 of said section provides that when either party asks that the jury view the premises, the jury "shall examine the property taken, and the property of the several appellants claimed to be damaged thereby."

It will be noted that the statute provides that the jury shall examine not only the "property taken" but also the "property claimed to be damaged." We think that this language has reference to the whole of the residue claimed to be damaged, rather than only a part thereof, and that the court properly overruled said motion. We therefore find no error in this particular.

Second, it is claimed that the court erred in excluding testimony concerning the value of the property prior to the present business depression, and also in refusing to instruct the jury that they should fix the value as it was at a time prior to the present depression.

It is settled in Ohio that the fair market value of the property taken shall be computed as of the time of the taking.

Miami Conservancy District v Bowers, 100 Oh St, 317; 15 O Jur, "Eminent Domain," §143, p. 837.

However, we think that this evidence was competent on cross-examination for the purpose of testing the witness and as tend-

ing to reflect some information on the market value of the property at the time of the taking, and should have been admitted (15 O Jur, "Eminent Domain," §202, p. 895); but it will be noted that this question was asked of only one witness on cross-examination, and that all the other witnesses for both sides testified freely concerning the fair market value of the property without any reference being made to the present business depression.

Moreover, while the rule requiring counsel to state what he expects the answer would be, where evidence is excluded, is not ordinarily applicable to what is strictly cross-examination (**Martin v Elden, 32 Oh St 282**), yet there is nothing in this record to show that the exclusion of this testimony was in any way prejudicial to plaintiffs in error (**Bean v Green, 33 Oh St 444**).

Taking the record as a whole, we do not think that the exclusion of the testimony of this one witness was so prejudicial as to be reversible error, and we hold that it was not error for the court to refuse to charge that the value should be fixed at a time prior to the depression.

Third, it is claimed that the court erred in overruling the owners' motion, made at the close of the state's case, to dismiss the proceeding on the ground that no evidence was introduced by the state showing the necessity for the improvement, and upon the further ground that there was no evidence to show "that the director of highways has been unable to purchase the property or to effect a settlement for the damages." Also that the court erred in refusing to charge that "the jury must find there is a necessity for the taking of this property."

It will be observed that in paragraph 9 of §1201-1 GC, it is provided that—

"The jury shall also determine in their verdict whether the property sought to be taken is necessary for the public convenience and welfare, if the finding of the director in that respect is appealed from."

It will be further observed that the notice of appeal filed by the owners and the mortgagee shows that they did not appeal from the finding as to the necessity of the improvement by the highway director, but appealed **only** "from the amount of compensation, or damages, or both, so fixed by the director."

Under this situation, we are of the opinion that the question of the necessity for the improvement was not in issue at the trial before the jury, and that the court therefore did not err in overruling this motion nor in refusing to charge that the jury must find that there was a necessity for the taking of said land.

As to that part of the motion concerning the inability of the director of highways to purchase the property or effect a settlement for damages:

It appears from the certified copy of the finding of the director and the notice of appeal filed by the owners and the mortgagee, and also from the transcript of the docket and journal entries, that the director did make a tender, which was refused by the owners and the mortgagee. The wide diversity of opinion as to values between the witnesses for the state and those for the owners also tends to show an inability to purchase the property or settle for damages at an agreed amount. We therefore find no prejudicial error in overruling said motion on this ground.

Fourth, it is claimed that the verdict is manifestly against the weight of the evidence, because the **five witnesses** for the owners testified that the total of the value of the land taken and the amount of damages to the residue, was very much higher than the total value of the same was estimated to be by the **two witnesses** for the highway department, and that the jury substantially or more nearly followed the values as fixed by the two witnesses for the highway department instead of the five witnesses for the owners. The case of **United ed States v Chaffee, 4 O.F.D., 111,** is cited in support of this contention.

It will be noted first that said Chaffee case was not an appropriation proceeding, but an action for alleged fraud in not making proper returns and paying duties upon manufactured whiskey, and has little application to the instant case.

It must next be borne in mind that, while it is true that the jury should be governed by a preponderance of the evidence admitted at the trial, such preponderance is not measured by the number of witnesses, and the jury are permitted, under a well-settled rule, to believe any part or all of the testimony of any witness or reject any part or all of it.

It is the province and duty of the jurors to consider the testimony of the witnesses who place the value of the property and the amount of the damages seemingly low, along with that of witnesses who place it seemingly high, and consider all the evidence. In an appropriation case, the jury acts merely as an appraising or assessing board, to determine the fair market value of the property taken and the amount of damages, if any, to the residue, from all the evidence submitted.

While the jurors cannot use their own judgment as to the value of the property and damages from their personal view of the same, and must be governed by the evidence adduced, the jurors can and should judge of the weight and force of the evidence given by the respective witnesses in the light of their own general knowledge of the subject of the inquiry, and apply their general knowledge and experience to the evidence in determining the weight to be given to the opinions expressed in the testimony of the several witnesses, and thus allow the testimony of the respective witnesses to control only as the jury may find it to be reasonable under all the facts and circumstances.

Hence, under the rules governing jurors in their deliberations in arriving at verdicts, we cannot say, under the record as a whole, that the verdict in this case is manifestly against the weight of the evidence.

Fifth, plaintiff in error claims that the plans of the proposed improvement were not filed with the Probate Court along with a copy of the finding of the highway department that it was necessary to appropriate said property, as required by §1201, GC, and that the judgment and verdict should for this reason be reversed; and that the court further erred in its judgment, as appears from the journal entry, in releasing the state from all further claims for damages resulting from the construction of said improvement "according to the plans and specifications on file in the office of director of highways of the state of Ohio, of the highway improvement involved in this proceeding," instead of according to plans on file in said Probate Court.

The certified copy of the entry on the right of way section of the journal of the director of highways, filed in this proceeding, and which is in the nature of a petition in other cases, contains a complete description of the property to be taken, and has attached to it a detailed blue print plat of the land to be appropriated, showing the location of the old bridge and the new bridge in reference to the railroad and the highway and the lands and residence of the Beals, as provided in §1201 GC.

We find no evidence in the record even tending to show that plans of the improvement were not filed with the Probate Court, and the record does not show that the question of whether or not the plans were filed was ever raised or in any way called to the attention of the Probate Court; on the contrary, the record affirmatively shows that, on the preliminary hearing, the Probate Court specifically found that the statutes governing said procedure "have been in all respects complied with, that the proceedings herein are regular, and that said appeal is properly perfected." No objection or exception was taken to such finding, and no claim was made by either party in the trial court that there was any irregularity in the proceedings because a plan of the improvement was not filed in addition to the plat showing the property to be appropriated.

The record further discloses that plans of the improvement were produced and were before the court at the time of the trial and were referred to in the examination of witnesses by both parties, and were formally introduced in evidence as "plaintiff's exhibit A" without objection.

The record also shows that there was admitted in evidence a graphical representation of the old bridge and its approaches, and a graphical representation of the proposed new bridge over the railroad and its approaches, marked respectively "plaintiff's exhibit B" and "plaintiff's exhibit C," and that there was admitted in evidence as "defendant's exhibit No. 1" a map or plat showing the situation. All of these exhibits were used and referred to in the examination of the witnesses, but none of said four exhibits are attached to the bill of exceptions, nor are they in the files.

While it is true that in the final judgment of the court releasing the state of Ohio from further claims for damages, said improvement is referred to as being "according to the plans and specifications on file in the office of the director of highways of the state of Ohio," we do not regard this reference as necessarily indicating that a set of the plans were not on file in the Probate Court. The mere fact that the judgment of the court releases the state according to plans on file in the office of the director of highways, is no finding or evidence that there is not also a set of the plans on file in the Probate Court, as a set of the plans should no doubt be on file at both places.

Under such circumstances, the Probate Court having specifically found that the statutes relating to said improvement had been in all respects complied with and that the proceedings were regular, and there being no objection or exceptions to such finding, and giving to the proceedings of the Probate Court the presumptions as to regularity which a reviewing court is bound to do, and there being no showing of an irregularity as to the plans, we must conclude that the statute was complied with and that the plans are on file in the Probate Court.

However, even if the plans were not formally filed in the Probate Court at the time

of filing a copy of the findings of the director, under the record in this case such failure to file the plans was not prejudicial to the plaintiffs in error, because the plans and other exhibits admitted in evidence at the trial definitely show in detail the land taken and the extent of the appropriation. In this connection, attention should be called to the fact that §1201 GC, does not say that specifications must be filed in the Probate Court, but only "a plan of the proposed improvement * * * and a plat of the property to be appropriated."

The fact that the judgment of the court refers to the plans as on file in the office of the director of highways, instead of in the Probate Court, is more in the nature of an irregularity, or mistake due to inadvertence, and under the record in this case, such reference does not affect any substantial right of plaintiffs in error, and can be easily remedied by the Probate Court by correcting its judgment in that particular, and which that court will no doubt readily do.

We therefore find no prejudicial error in the proceedings of the Probate Court in reference to the plans for the improvement.

Finding no prejudicial error in the record, the judgment is affirmed.

In case No. 593, Elmer Beal et v Director of Highways of Ohio, submitted at the same time with this case, there was no bill of exceptions, and what we have said in reference to the matter of filing plans, applies also to that case, and an entry may also be made in the Elmer Beal case affirming the judgment.

PARDEE, PJ, and WASHBURN, J, concur.